White, J.
We do not propose to review, in detail, the arguments in this case on the numerous statutory provisions and ^authorities cited, but to state, as briefly as practicable, our opinion on the controlling questions which arise, and the grounds on which, it rests.
Two grounds are mainly relied on in support of the demurrer to-the petition, which may be substantially stated as follows:
1. That the right to contest the validity of the record made in this state, of a foreign will executed and proved according to the-foreign law, but not made in conformity to the laws of this state, in force at the time it took effect, has been abolished.
2. If the above proposition be not maintainable, and the right still exists, that it is barred under the act of March 20, 1849, to amend the act relating to wills, passed March 23,1840. 2 Curwen’s* Stat. 1478.
Before undertaking to dispose of either of these propositions, it is well to refer to the relation of the respective parties to the land *167 which is the subject of the controversy between them, and to some general but well-settled principles bearing on their respective rights.
Benjamin Dawson, of Frederick county, Virginia, died, seized of these lands, about the year 1827; and both parties claim title from, him. The plaintiffs are his heirs at law, and claim the land as then-inheritance; the defendants, so far as concerns this case, derive their title solely under his alleged will.
It is a welbsettled principle of public law, that the acquisition *of real property, whether by descent or by devise, is governed by the lex rei sitae. If the party claims by inheritance, he. can look alone to the law of descents at the place where the property is situate, for his muniment of title; if by devise, the law of the same place must govern as to the due execution and validity of the will.
The rights of the heir vest, eo instanti, with the death of the ancestor ; and the same rule obtains in regard to the devise of real estate. And though the rights of the heir may depend entirely upon statutory enactments, and require to be, in some sense, upheld by the statute, yet, after the right has distinctly vested it will not be affected, either by a repeal or alteration of existing statutory provisions. 1 Redfield on Wills, 413, sec. 306; Id. 398.
The same principle, so far as affects this case, is applicable to wills. The validity of the will must be determined by the law in force at the time it became operative, i. e., at the death of the testator. 1 Redfield on Wills, 406. Subsequent legislation can not vest in a supposed devisee an estate which the testator failed to give, and which, on his decease, passed to the heirs freed of any valid testamentary disposition; for, if this could be done, it would be the taking the property of one person without his consent, and giving it to another.
It is true, that before a will can be made available as evidence, it is generally required to be admitted to probate, and in case of a foreign probate, to be admitted to record in the forum rei sites; but when so admitted to probate and record, it relates back to the death of the testator, and takes effect from that time. Hall et al. v. Ashly & Cravin, 9 Ohio, 96-99.
What, then, was the law of Ohio, in regard to the execution of wills to affect lands in this state, at the time of the death of Benjamin Dawson ?
By the act relating to wills of March 23,1840 (1 Ourwen’s Stat. *168 685), a change was made in the law in regard to the execution both of domestic and foreign wills. Under this act wills were to be “signed at the end thereof,” which was not required in the prior acts of 1824 and 1831; and foreign wills, executed and proved according to the foreign law, were authorized to be admitted to record in this state, and when so ^recorded were to have the same validity, in law, as domestic wills.
The act of 1824 (2 Chase, 1305), and the act of 1831 (3 Chase, 1785), like the act of 1840, required the will to be attested by two subscribing witnesses; but, in regard to foreign wills, the act of 1831, as construed in Baily v. Baily (8 Ohio, 239), and in Meese and wife v. Keefe et al. (10 Ohio, 362), required them to be executed in conformity to the law of this state, and if not so made, they were not authorized to be admitted to record in this state. The construction put upon this act in the two cases referred to, in regard to the execution of foreign wills, has become a rule of property, and may be regarded as settled. The same construction must be put upon the act of 1824, for, in this respect, the provisions of the two statutes are identical.
The execution and validity of the alleged will of Benjamin Dawson are governed by the act of 1824. It relates entirely to lands, in this state, is without witnesses, and not being in conformity to cur law, is inoperative to pass or affect the property to which it relates.
This property, therefore, descended to the plaintiffs unaffected by any testamentary disposition.
But an authenticated copy of this writing, and of what is claimed to be its valid probate in Virginia, was, however, in fact, though improperly, admitted to record by the court of the proper county, in the year 1850; and it is claimed that, on being so admitted to record, it became operative as a will, and could only be impeached on a statutory contest in a suit regularly instituted for that purpose, in the mode prescribed for contesting domestic wills. This is the character of the present suit; but it is further insisted that this right has been taken away by the fifty-second section of the act relating to wills, of May 3,1852 (2 S. & C. Stat. 1626; 3 Curwen’s Stat. 1911), which provides : “ That no proceeding shall be had in this state, to contest a will executed and proved according to the law of any state or territory of the United States, or of any foreign country, relative tó property in this state; but if the said will shall *169 Be set aside in the state, territory, or country *in which it is ■executed and proved, the same shall be held of no validity in this state.”
This provision of the statute, in our opinion, has reference to such foreign wills as, when made in accordance with the foreign law, are, by the laws of this state, valid to dispose of property situate in this state, and does not apply to cases arising under former laws, of wills valid where made, but inoperative here because not •executed according to our law.
The object of the provision in question, is to transfer the contest from the forum rei sitce to the forum loci acti. But where the ground ■of contest, or the objection to the will, consists of defects in its execution, fatal to its validity in this state, but which can not be made available in the state where the will is made, the case is one to which the statute does not apply. The effect is to withdraw the authority to adjudicate on the subject-matter from our own courts .so far only as such authority exists and can be made available in in the foreign forum.
The construction we put upon the provision relied on in the act of 1852, renders it unnecessary to consider whether a writing like the one in question, can derive any efficacy from being admitted to record; or, if it is to become effective by that means, whether it would not be the duty of the court admitting it to record, on application, to vacate the order allowing it.
Before its admission to record it was legally incapable, properly, •of becoming an operative will, by reason of fatal omissions in its •execution, apparent on its face. The proceeding by which it was admitted to record, was in its nature ex parte, and if it is to have the effect of divesting the heirs of their estate, they clearly have the right to have it set aside.
And without deciding that resort to the statutory mode provided for contesting wills is necessary to set aside or declare invalid such record, yet, where the aggrieved party has resorted to -that mode of proceeding, his petition will not on that ground be dismissed, as such suits have been repeatedly entertained for that purpose. Baily v. Baily; Meese and wife v. Keefe et al., supra; and Manuel v. Manuel, 13 Ohio St. In Baily v. Baily it was said to be the necessary mode. Meese *and wife v. Keefe was a suit of that character, as was also the case of Manuel v. Manuel; though, in the case last named, the invalidity of the will or ground of contest was not ap *170 parent on the record, and the case came before this court only on a question of law arising on a state of fact specially found in the court below.
The remaining question is, whether the right of the plaintiffs is barred under the act of March 20, 1849, to amend the act relating to wills, passed in 1840. We are of the opinion that it is not. That act has no application to cases, like the present, arising under statutes prior to the act of 1840, where the will, though made and proved according to the foreign law, is inoperative on property situate in this state, and not authorized to be admitted to record here for want of conformity to our law. The act is intended to apply to the case of foreign wills made and proved in accordance with the foreign law, and which, when so made and proved, are authorized to be recorded, and to operate in this state. And the probate and rejection of the will therein referred to has reference to its probate or rejection in the foreign forum alone.
Demurrer overruled, and cause remanded to the district court.
Day, C. J., and Welch, Brinkerhoef, and Scott, JJ., concurred.